**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT TURINSKI, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-1919 |
| v. | (JUDGE CAPUTO) |
| WILKES-BARRE FIRE FIGHTERS ASSOCIATION LOCAL 104, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO a/k/a LOCAL 104 OF THE INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO-CLC and CITY OF WILKES-BARRE | |
| Defendants. | |
| ROBERT TURINSKI, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-1955 |
| v. | (JUDGE CAPUTO) |
| CITY OF WILKES-BARRE, MAYOR THOMAS M. LEIGHTON, and JACOB LISMAN, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Defendant, Wilkes-Barre Fire Fighters

Association Local 104's Motion to Dismiss Second Amended Complaint (Doc. 34), and

Defendant City of Wilkes-Barre's Motion to Dismiss Second Amended Complaint (Doc.

37) in *Turinski v. Wilkes-Barre Fire Fighters Ass'n Local 104, Int'l Ass'n of Fire Fighters,*

*AFL-CIO a/k/a Local 104 of the Int'l Ass'n of Fire Fighters, AFL-CIO-CLC, and City of*

*Wilkes-Barre*, No. 3:04-CV-1919.  For reasons set forth below, I will grant Defendants'

motions to dismiss in so far as they seek dismissal of Plaintiff's 42 U.S.C. § 1985 and § 1986 claims for failure to state a claim upon which relief may be granted.  Defendants' motions will otherwise be denied.  In addition, Plaintiff's duplicative 42 U.S.C. § 1983 claims against the City of Wilkes-Barre will be merged into one claim at 3:04-CV-1919.  Lastly, Plaintiff's remaining claims in 3:04-CV-1919 and *Turinski v. City of Wilkes-Barre, Mayor Thomas M. Leighton, and Jacob Lisman*, No. 3:04-CV-1955 (hereinafter 3:04-CV-1955) pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

## BACKGROUND

Plaintiff Robert Turinski was employed by the City of Wilkes-Barre (hereinafter Wilkes-Barre) as an Assistant Fire Chief.  Plaintiff alleges that he was constructively discharged, and then forced to retire from the Fire Department on February 28, 2004.  (Doc. 42 ¶ 10.)  Prior to his retirement, on or about February 13, 2004, Plaintiff filed several grievances with Wilkes-Barre Fire Fighters Association Local 104, International Association of Fire Fighters, AFL-CIO a/k/a Local 104 of the International Association of Fire Fighters, AFL-CIO-CLC (hereinafter Local 104), of which Plaintiff is a member, concerning his forced retirement or demotion in violation of the collective bargaining agreement (hereinafter CBA) covering his employment.  (Doc. 42 ¶¶ 3, 11.)  Additionally, Plaintiff filed a grievance about the calculation of his pension arguing that compensation was excluded in violation of the CBA.  (Doc. 42 ¶ 12.)  Local 104 never investigated Plaintiff's claims and failed to assist or represent Plaintiff in connection with his grievances.  (Doc. 42 ¶¶ 13, 16.)  Following Plaintiff's retirement, Local 104's president Tom Makar assumed the position of Assistant Fire Chief.  (Doc. 42 ¶ 17.)

2

Plaintiff filed a Complaint on August 27, 2004.  (Doc. 1.)  Plaintiff then filed an

Amended Complaint on September 2, 2004.  (Doc. 2.)  Next, on September 22, 2004,

Plaintiff filed a motion for leave to file a second amended complaint (Doc. 5), which was

later granted by the Court.  (Doc. 40.)  Thus, Plaintiff's Second Amended Complaint was

filed on December 16, 2004.  (Doc. 42.)  Defendants' motions to dismiss the Second

Amended Complaint were then filed.  (Docs. 34, 37.)  These motions are fully briefed and

ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

a complaint, in whole or in part, for failure to state a claim upon which relief can be

granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint

as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be

granted under any set of facts consistent with the allegations in the complaint."  *Trump*

*Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the

complaint, exhibits attached to the complaint and matters of public record.  *See Pension*

*Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court may also consider "undisputedly authentic" documents where the plaintiff's

claims are based on the documents and the defendant has attached a copy of the

document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can

prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn*

*Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or

3

"legal conclusions."  *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### 1.    Section 1985(3)

Plaintiff claims that Defendants violated his rights under 42 U.S.C. § 1985(3).  In order to state a claim under § 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons . . . [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."  *Ridgewood Bd. of Educ. v. N.E. ex rel M.E.*, 172 F.3d 238 , 253-54 (3d Cir. 1999) (quoting *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)); *see also Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971).  Thus, a claim under § 1985(3) requires that there must be "some racial, or perhaps other class-based, invidiously discriminatory animus behind the conspirators' action."  *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 834 (1983).  Local 104

contends that Plaintiff has failed to establish a conspiracy and, alternatively, has failed to allege that Local 104's actions were motived by discriminatory animus.  I find that Plaintiff has failed to allege Defendant's actions were motivated by discriminatory animus.

Plaintiff is held to the liberal notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and is not charged with alleging facts necessary to prove his claim.  However, Plaintiff is required to allege facts sufficient to state all elements of his claim.  *Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 168 (1993).  Plaintiff alleges in his Complaint that this case, "arose as a result of the New Administration (i.e. Mayor Leighton) being elected."  (Doc. 42 ¶ 11.)  Further, in response to Local 104's argument that Plaintiff failed to claim discriminatory animus, Plaintiff countered that he "was appointed by the former Mayor McGroarty, and engaged in speech against Mayor Leighton and his politically motivated acts of 'opening' the positions of Assistant Chiefs."  (Doc. 41 at 7.)  Assuming that Plaintiff is trying to allege that he was discriminated against because of his political affiliation, and further assuming that political affiliation is a cognizable class for § 1985(3) purposes, Plaintiff fails to sufficiently claim that Defendants acted pursuant to discriminatory animus.  Stated differently, although Plaintiff alleges that he spoke out against Defendants' politically motivated acts, Plaintiff fails to assert that Defendants' were motivated by discriminatory animus towards the Plaintiff's political affiliations when they allegedly violated Plaintiff's rights.  Plaintiff has failed to set forth all elements of his claim and, as such, Local 104's motion to dismiss this claim will be granted.  Further, because a conspiracy requires participation of more than one defendant, I will dismiss Plaintiff's § 1985 claim in its entirety.

5

**2.      Section 1986**

42 U.S.C. §1986 prohibits neglecting or refusing to thwart a § 1985

conspiracy when it is within one's power to do so.  If there is no violation of § 1985, there

can be no violation of § 1986.  *See, e.g., Carter v. Delaware State Univ.*, 65 Fed. Appx.

397, 400 (3d Cir. 2003).  Plaintiff's failure to allege facts indicating that a § 1985

conspiracy existed requires that his § 1986 claim also be dismissed for failure to state a

claim upon which relief can be granted.

**3.      Section 1983: Local 104**

Plaintiff alleges that Defendants violated 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage . . . subjects, or causes to be
> subjected, any citizen of the United States or other
> persons within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured .
> . . .

In order to state a § 1983 claim the conduct must, first, have been committed by a

person acting under color of state law.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

923 (1982); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d. Cir. 1993).  "Although not an agent

of the state, a private party who willfully participates in a joint conspiracy with state

officials to deprive a person of a constitutional right acts 'under color of state law' for

purposes of § 1983."  *Abbott v. Latshaw*, 164 F.3d 141,147-48 (3d Cir. 1998) (quoting

*Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)).

Local 104 asserts that Plaintiff has failed to allege in any specificity that it, as a

private party, acted under color of law by conspiring with Defendant Wilkes-Barre.

Plaintiff counters that he has met the liberal pleading requirements of notice pleading. For the reasons set forth below, I agree that Plaintiff has sufficiently claimed that Local 104 acted under color of law by conspiring with Defendant Wilkes-Barre.

In order to state a § 1983 conspiracy claim, Plaintiff need only meet the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Leatherman*, 507 U.S. at 168; *see also, e.g.*, *In re Bayside Prison Litig.,* 190 F. Supp. 2d 755, 765 (D.N.J. 2002) (citing *Ridgewood*, 172 F.3d at 253-54).   Rule 8 requires only a "short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).   Conclusory allegations of concerted action absent facts actually reflecting such action, however, may be insufficient to state a conspiracy claim. *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998), *cert. denied*, 527 U.S. 1035 (1999); *see also Pellegrino Food Products Co. v. City of Warren*, 136 F. Supp. 2d 391, 409-10 (W.D. Pa. 2000).

In the present case, Plaintiff's Complaint contains more than a conclusory allegation of concerted action.   Plaintiff identifies the parties of the alleged conspiracy through his assertion that, "Defendant City of Wilkes-Barre, and its agents, including but not limited to Jacob Lisman and Mayor Leighton, Tom Makar and Local 104, were conspiring to deprive Plaintiff of his constitutional rights." (Doc. 42 ¶ 14.)   Further, Plaintiff indicated the specific nature of his conspiracy allegation when he asserted that Tom Makar, Local 104's president, assumed the position of Assistant Fire Chief after Local 104 refused to assist Plaintiff with his grievances and Defendant Wilkes-Barre forced him to retire.   (Doc. 42 ¶¶ 16, 17.)   Thus, Plaintiff has claimed enough to place Defendants on notice of his claim of conspiracy.   As such, Local 104's motion to dismiss

7

will be denied with regard to this claim.

**4.      Breach of Duty of Fair Representation: Local 104**

In his Complaint, Plaintiff asserts that Local 104 breached its state law duty of fair representation to the Plaintiff.  Local 104 raises two arguments in support of its contention that Plaintiff has failed to state a claim upon which relief may be granted with regard to this claim.  First, Local 104 asserts that by seeking damages for his breach of duty of fair representation claim, Plaintiff "seeks a remedy that is simply not available to him under Pennsylvania law."  (Doc. 36 at 14.)  Although not stated explicitly, the Court construes Defendant's argument as asserting that Pennsylvania's Public Employe Relations Act (hereinafter PERA) bars Plaintiff's claim for monetary damages under Pennsylvania law.  *See* 43 PA. CONS. STAT. §§ 1101.101, *et seq* (2005).  Under PERA, "arbitration of disputes or grievances arising out of the interpretation of the collective bargaining agreement is mandatory."  43 PA. CONS. STAT. § 1101.903.  Thus, generally, "a public employee's sole remedy in the courts, under the PERA, is an action in equity to compel arbitration, when the union has breached its duty of fair representation by acting in bad faith."  *Waklet-Riker v. Sayre Area Educ. Ass'n*, 656 A.2d 138, 141 (Pa. Super. Ct. 1995) (citing *Runski v. Am. Fed'n of State County & Mun. Employees*, 598 A.2d 347, 349-50 (Pa. Commw. Ct. 1991), *aff'd*, 642 A.2d 466 (Pa. 1994)).  Plaintiff counters that monetary damages are appropriate in some situations where arbitration would not provide the employee with a complete and adequate legal remedy.  The Court need not determine at this stage whether Plaintiff is entitled to monetary damages as Plaintiff seeks both monetary damages and "arbitration remedies, and other such legal and

equitable relief as allowable at law" in his Complaint. (Doc. 42 at 6.) Plaintiff will be entitled to some relief if he is able to prove his claim. Thus, I will deny Local 104's motion to dismiss on these grounds.

Second, Local 104 contends that Plaintiff has failed to claim with specificity that Local 104 acted in bad faith. I do not agree. In his Complaint, Plaintiff alleges that Local 104 "arbitrarily, and in bad faith refused to represent" Plaintiff with his grievances. (Doc. 1 ¶ 13.) Further, as I noted previously, Plaintiff alleges that Local 104 failed to represent or assist Plaintiff with his grievances, so as its president, Tom Makar, could assume the position of Assistant Fire Chief after Plaintiff was forced to retire. Thus, Plaintiff has alleged more than a mere conclusory statement that Local 104 acted in bad faith. Local 104's motion to dismiss will be denied with regard to this claim.

## 5.   Section 1983 - Duplicative Actions: Defendant Wilkes-Barre

On September 2, 2004, Plaintiff filed a separate action with this Court, 3:04-CV-1955, setting forth claims against the City of Wilkes-Barre, Mayor Thomas M. Leighton, and Jacob Lisman for violations of 42 U.S.C. § 1983 through the infringement of Plaintiff's First, Fourth and Fourteenth Amendment rights. In the present suit, Plaintiff alleges violations of § 1983 through the infringement of his First, Fourth and Fourteenth Amendment rights by Defendants Wilkes-Barre and Local 104. Thus, Plaintiff has brought two identical claims for violation of § 1983 against Defendant Wilkes-Barre. Defendant Wilkes-Barre moves to dismiss Plaintiff's Second Amended Complaint based on the duplicative nature of the two suits. (Doc. 37.) Plaintiff contends that the suits as a whole raise separate claims, and requests the § 1983 claims be consolidated. I will grant Plaintiff's request to consolidate the claims and Plaintiff's duplicative § 1983 claims

9

against Defendant Wilkes-Barre will be merged into one at docket number 3:04-CV-1919.

Plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citing *United States v. Haytian Republic*, 154 U.S. 118, 123-24 (1894)).  However, while dismissal of a duplicative claim can be warranted, consolidation or staying the second claim are also appropriate remedies.  *See Walton*, 563 F.2d at 71; *Public Interest Research Group v. Witco Chem. Corp.*, No. 89-3146, 90-968, 1990 U.S. Dist. LEXIS 20209, at *6 (D.N.J. June 28, 1990); *Banks-Holliday v. American Axle & Mfg., Inc.*, No. 02-245S(Sc), 2005 U.S. Dist. LEXIS 2453,at *9-10 (W.D.N.Y. Jan. 24, 2005) (dismissing a duplicative case pursuant to the court's general power to administer its docket).  The Court finds that the most expedient way to resolve the problems created by these duplicate claims is to consolidate the two claims and merge them into one.  *Cf. O'Donnnell v. Port. Auth. of New York & New Jersey*, Nos. 84-8188, 85-2202, 1986 U.S. Dist. LEXIS 18527, at *7 (S.D.N.Y. Oct. 27, 1986) (treating consolidation of duplicative complaints as a motion to amend and supplement the original complaint).  As such, Plaintiff's claim in 3:04-CV-1955 against Defendant Wilkes-Barre for violation of § 1983 through the infringement of Plaintiff's First, Fourth and Fourteenth Amendment rights will be merged with Plaintiff's claim in 3:04-CV-1919 against Defendant Wilkes-Barre for violation of § 1983 through the infringement of Plaintiff's First, Fourth and Fourteenth Amendment rights, and will be docketed at 3:04-CV-1919.

**6.      Consolidation under Rule 42(a)**

For the reasons set out below, I will consolidate Plaintiff's remaining claims in

3:04-CV-1919 with his claims in 3:04-CV-1955.  As such, Plaintiff's § 1983 claims against

Defendant Wilkes-Barre and Local 104 in 3:04-CV-1919, Plaintiff's breach of collective

bargaining agreement claim against Defendant Wilkes-Barre in 3:04-CV-1919, and

Plaintiff's breach of duty of fair representation claim against Local 104 in 3:04-CV-1919

will be consolidated with Plaintiff's claims in 3:04-CV-1955 against Mayor Thomas M.

Leighton and Jacob Lisman for violations of § 1983.  Following consolidation, the cases

will be docketed at 3:04-CV-1919.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact
> are pending before the court, it may order a joint hearing
> or trial of any or all the matters in issue in the actions; it
> may order all the actions consolidated; and it may make
> such orders concerning proceedings therein as may tend
> to avoid unnecessary costs or delay.

The Court has broad power under Rule 42(a) to consolidate actions as may facilitate the

administration of justice, "whether at the request of a party or upon its own initiative."

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.,* 339 F.2d 673, 675 (3d Cir. 1964).

In determining whether consolidation is appropriate, the Court balances the probable

savings of time and effort against the likelihood that a party might be prejudiced,

inconvenienced, or put to extra expense.  *See, e.g., EEOC v. U. S. Steel - Fairless

Works, USX Corp.*, 2002 U.S. Dist. LEXIS 11388, at * 8 (E.D. Pa. Jan. 2, 2002) (citing

*Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983)).  Lastly,

"[c]onsolidation 'does not merge the suits into a single cause, or change the rights of the

parties, or make those who are parties in one suit parties in another.'"  *In re TMI Litig.*,

193 F.3d 613, 724 (3d Cir. 1999) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479

(1933)).

Considering the following characteristics of Plaintiffs separate suits, consolidation of these actions is appropriate.  First, 3:04-CV-1919 and 3:04-CV-1955 deal with the same underlying facts and allegations.  Second, Plaintiff's remaining claims in 3:04-CV-1955 allege only that Defendants Mayor Thomas M. Leighton and Jacob Lisman violated Plaintiff's rights under § 1983 and do not address wholly unrelated issues.  Third, any allegations against Defendants Mayor Thomas M. Leighton and Jacob Lisman in their official capacities will essentially be allegations against the City of Wilkes-Barre.   Given these characteristics of Plaintiff's separate suits, consolidation will not unduly prejudice or inconvenience any of the parties and will instead simplify and streamline the proceedings. Plaintiff's claims in 3:04-CV-1919 and 3:04-CV-1955 will be consolidated at docket number 3:04-CV-1919.

### CONCLUSION

Plaintiff's § 1985 and § 1986 claims against Local 104 and Wilkes-Barre will be dismissed for failure to state a claim upon which relief may be granted.  Defendants' motions to dismiss will otherwise be denied.  Further, I will address Plaintiff's duplicative § 1983 claims against Defendant Wilkes-Barre through consolidation of the claims into one claim at docket number 3:04-CV-1919.  In addition, I will consolidate Plaintiff's remaining claims in 3:04-CV-1919 with 3:04-CV-1955 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  As such, Plaintiff's § 1983 claims against Defendant Wilkes-Barre and Local 104 in 3:04-CV-1919, Plaintiff's breach of collective bargaining agreement claim against Defendant Wilkes-Barre in 3:04-CV-1919, and Plaintiff's breach of duty of fair representation claim against Local 104 in 3:04-CV-1919 will be consolidated with Plaintiff's claims in 3:04-CV-1955 against Mayor Thomas M. Leighton and Jacob Lisman for violations of § 1983.  Following consolidation, the cases will be docketed at 3:04-CV-

12

1919 and 3:04-CV-1955 will be marked as closed.

An appropriate order shall follow.

 August 9, 2005                                    /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT TURINSKI,

    Plaintiff

       v.

CITY OF WILKES-BARRE, MAYOR
THOMAS M. LEIGHTON, and JACOB
LISMAN,

    Defendants.

NO. 3:04-CV-1955

(JUDGE CAPUTO)

## ORDER

**NOW**, this  9th  day of August, 2005, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's duplicative claim against Defendant Wilkes-Barre for violation of §
1983 through the infringement of Plaintiff's First, Fourth and Fourteenth
Amendment rights in 3:04-CV-1955 will be merged with Plaintiff's § 1983
claim in 3:04-CV-1919 and will be docketed at 3:04-CV-1919.

(2)    Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, 3:04-CV-
1955 and 3:04-CV-1919 are to be **CONSOLIDATED** at 3:04-CV-1919.

(3)    The Clerk of the Court shall mark this case **CLOSED.**

           /s/ A. Richard Caputo
           A. Richard Caputo
           United States District Judge